UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KAREN GLEISNER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. 5:23-cv-00798 |
| | * |
| EQUITABLE FINANCIAL LIFE | * |
| INSURANCE COMPANY, | * |
| | * |
| Defendant. | * |
| | * |

**COMPLAINT**

Plaintiff, Karen Gleisner ("Gleisner"), through undersigned counsel, for her Complaint against Equitable Financial Life Insurance Company ("Equitable"), alleges as follows:

PARTIES

1. Gleisner is a resident of the State of Texas domiciled in Bexar County, and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. Equitable is a corporation organized under the laws of the State of New York, with its principal place of business in New York. Equitable is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

JURISDICTION AND VENUE

3. The Court has diversity question jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between diverse citizens.

1

4. Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, because Plaintiff is located in this district and material events occurred in this district.

## FACTUAL ALLEGATIONS

5. On February 17, 2004, Equitable, through its predecessor company, AXA Equitable Life Insurance Company, issued life insurance contract number 3-04645699 (the "Annuity") to Mary Tomlinson (the "Insured"), who was originally the owner and insured under the Annuity.

6. On or about January 17, 2013, the Insured changed the owner of the Annuity to be Gleisner.

7. On or about August 14, 2013, Gleisner, as the new owner of the Annuity, faxed a beneficiary change form to Equitable designating herself as primary beneficiary of the Annuity's death benefit.

8. Gleisner received a fax confirmation stating that the request was successfully faxed to Equitable.

9. The Insured died in October 2022.

10. After the Insured's death, Gleisner submitted a claim for the Annuity's death benefit, believed to be approximately $104,000, but her claim was denied.

11. To date, Equitable has failed to pay the death benefit to Gleisner.

12. At the time of the Insured's death, the Annuity had been in force for more than two years and was not within a contestable period.

## CAUSES OF ACTION

13. Gleisner incorporates the allegations contained in Paragraphs 1-12 as if fully restated herein.

### COUNT I
### Breach of Contract

14. The Annuity is a binding contract that obligates Equitable to pay the death benefit to the beneficiary designated by the contract's owner.

15. Gleisner is the person the Annuity's owner (Gleisner herself) designated in writing to receive the Annuity's death benefit.

16. Equitable's failure to perform its end of the agreement requiring it to pay Gleisner the death benefit owed to her constitutes a breach of the contract.

17. As a result of Equitable's breach of the contract, Gleisner has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Karen Gleisner, prays for judgment in her favor, costs, interest, attorney's fees to the extent authorized, and any other relief deemed just and proper.

DATED this 26th day of June, 2023.

Respectfully submitted,

*/s/Michael J. Hoover*
Michael J. Hoover
TX Bar No. 24132888
William J. Perry
LA Bar No. 19100
Interpleader Law, LLC
5800 One Perkins Place Dr., Suite 2A
Baton Rouge, Louisiana 70808
Telephone: (225) 246-8706
Facsimile: (888) 200-3530
Email: michael.hoover@interpleaderlaw.com
Email: william.perry@interpleaderlaw.com
*Attorneys for Plaintiff, Karen Gleisner*